# 8127

NO. 8127.

COURT OF APPEAL

PARISH OF ORLEANS.

————

LONGINO & COLLINS

versus

ORLEANS KENNER TRACTION COMPANY INC.

————

Court of Appeal.
PARISH OF ORLEANS

JAN 2/22

————

8127

Dinkelspiel; J.

This suit grows out of the following facts:

Plaintiff alleges that defendant is engaged in the operation of street cars in the City of New Orleans, and said cars operated by electricity, and represents that on or about June 13th, 1919, at about eight o'clock in the morning, one of the employees of plaintiff attempted to cross the tracks of defendant at Tulane Avenue and Cortez Street, when he was struck by a car of the defendant, in charge of one of its employees, and further representing that the truck of plaintiff was driven in a lawful and careful manner when it attempted to cross the street and that defendant's car was far enough away to permit it to pass in safety if said car had been operated in a lawful and careful manner, and that its said truck was in plain view of the motorman of the said car, who knew or should have known that owing to the bad condition of the street at that point it was necessary to drive slowly and carefully across their track, but that the motorman operated and continued to operate the car at such an unlawful and excessive rate of speed and made no attempt to stop said car until it was too late to avoid striking the truck of plaintiff, and alleging further that the damage accruing to said truck was entirely/the fault and negligence of defendant's motorman, and not to the driver of the truck; damages in the sum of One Hundred Sixty-six and 65/100 Dollars are claimed and judgment for that amount prayed for.

Defendant's answer contends, after denying all the allegations of plaintiff's petition, except such as were admitted,/ averred that the accident happened and was caused entirely by the negligence of plaintiff's employee who failed to stop, look and listen before attempting to cross said track, and further plead contributory negligence and prayed for a judgment in its favor.

136

We have carefully considered and read the testimony in this case, and we quote only such portions thereof as we think essential to its decision.

The driver of the truck, the main witness for plaintiff, on questions propounded to him by the Judge as to the nature of the accident:

Q. This car was coming on the uptown track, coming into town?

A. Yes.

Q. You knew that this crossing was in bad condition, is that correct?

A. Yes.

Q. You knew that you could not cross there as you could at any ordinary crossing?

A. At the same rate of speed; Yes.

Q. And you attempted to make that crossing when you saw the car coming?

A. I had plenty of time to get over the track.

Q. That is your judgment, that you thought you had enough time to get across the track ahead of the car?

A. Yes.

Q. The accident proved that your judgment was not correct?

A. No. I had plenty of time if that motorman had his car under control, if he attempted to slow up at the next corner, the next block from me.

Q. You wanted the motorman to cut off his power a block ahead of you?

A. No, it is usual for any motorman if he sees anything in front of him he has got time to slow his car.

Q. Whether he did that or not you don't know?

A. No.

The other witnesses for plaintiff in no way contradict the testimony of the driver of the truck and the various and sundry accounts, they give, each one from his viewpoint, in no manner effect the drivers testimony.

137

Otto Katz a witness for defendant, a passenger on the car at the time of the accident in testifying amongst other things:

Q. State to the Court what you saw?

A. I was standing on the platform reading a paper and when we got about the middle of the block the motorman started ringing the bell and blue his whistle at rather a rapid rate and I looked up to see what the cause was and I saw a truck coming from the Woods side going pretty fast and when he got in the track after practically he came to a stop, he started over the track and the consequences was that the car hit and ran into him.

The motorman on the car, Leo Hertzler, testifying in behalf of the defendant:

Q. When the truck was approaching the crossing what did you do?

A. I blew blew my whistle and applied my breaks and the truck checked and nearly stopped when I blew my whistle and I was under the opinion that he was going to remain stopped, and when he stopped I took my breaks off and I proceeded on, and as I proceeded on, he started up his truck and ran right up in front of me.

Q. When he started again what did you do?

A. I blew my whistle again and applied the emergency breaks.

Q. Were you able to stop your car in time to avoid hitting him?

A. No I was not in time, xaixxkanxkaxxxdx I was crossing at that kkja time when he made the second stop.

Q. What part of the truck did you strike?

A. The rear end and the wheel.

Q. About how far did your car go after it struck the truck?

A. About fifty feet past the crossing where the accident was.

We have thus quoted in main the testimony of Tony Grisaffi and that portion thereof which establishes the position of the truck together with all the facts connected with his

driving, or attempting to drive on the track of defendant without either listening or looking, in the early hour of the morning, daylight, to see the movements of the car, the ringing of the bells, the stop of the car, and endeavored to cross the track thus taking chances, believing doubtless that he could cross in safety, in which belief the testimony proves he was absolutely mistaken; there can be no denial of the facts he has testified to and from his eividence alone there would be sufficient in this record to render judgment in favor of the defendant, out in addition to that there is the testimony of the motorman and that of defendant's witness, Katz, which proved undoubtedly the defense set up by defendant and makes the case clear.

It has been frequently held that "street cars have the right of way."

139 La. 351, Walker vs. Rodriquez.
139 La. 185, Boylan vs. N. O. Ry. & Light Co.
145 La. 337, Sshick vs. Jenevein.

"It is a recognized rule that before crossing a railway track a person should stop, look and listen; and it will not do to substitute therefor a rule to the effect that being a distance from the crossing towards which he and the electric or steam car are travelling he may then pass an opinion as to which of the two will get there first and acting upon that opinion essay the crossing without giving himself further assurance upon the subject."

Reebe vs. N. O. & Carrollton Ry. & Light Co.
110th La. 970.

McShane vs. Ry. Co. 137 La. 832.

"The driver of a vehicle who sees an electric car approaching even as much as three hundred feet away and yet without looking again drives upon the track and thus comes into collission with a moving car is guilty of such negligence as to bar a recovery in the absence of evidence showing with legal certainty that the motorman was operating his car at a danger-

ous rate of speed or by the exercising of ordin..ry care after the discovery of the danger, could avoid the collission."

Anthony Bertucci vs. N. O. Ry. & Light Co.

No. 7988 Court of Appeal.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aqua be and the same is hereby affirmed, costs of both Courts to be paid by plaintiff.

−Judgment affirmed−